# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | | |
|---|---|---|
| **GENE A. JONES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-09-CA-567-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 12); and Petitioner's Response thereto (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.  Alternatively, Petitioner's application for writ of habeas corpus should be denied.

# I. STATEMENT OF THE CASE

## A.    Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 27th Judicial District Court of Lampasas County, Texas in cause number 5682.  Petitioner was charged by indictment with committing DWI as a habitual offender, which included enhancements for murder with malice and aggravated assault with intent to commit murder.  Petitioner pleaded guilty to the offense and true to the enhancements.  The court sentenced Petitioner to 25 years imprisonment.  Petitioner does not challenge his holding conviction.  Rather, he challenges the execution of his sentence.

Respondent asserts Petitioner was released to parole on February 11, 1991.  On June 8, 2007, Petitioner was returned to custody due to the revocation of his parole.  Petitioner's parole was revoked because, while on parole, he was convicted of aggravated assault in cause number D-1-DC-07-300478 in the 147th Judicial District Court of Travis County.  When Petitioner was returned to TDCJ custody, he lost all street time credits earned during his release due to his aggravated assault conviction.  Petitioner filed a time dispute resolution form with TDCJ on June 23, 2007.  On April 1, 2008, TDCJ responded that there was no error in his time calculation.  Petitioner then filed a state application for habeas corpus relief on June 17, 2009, raising the same claims he now brings in his federal application.  The Texas Court of Criminal Appeals denied Petitioner's state application without written order on July 1, 2009.  Ex parte Jones, Appl. No. 72,211-01.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The Parole Board denied him street time and flat time credit without a proper hearing and in violation of due process;

2.      The denial of street time and flat time credit extended his sentence in violation of the protection against double jeopardy; and

3.      He is being denied mandatory supervision in violation of the Ex Post Facto Clause.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.   DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner should have discovered the factual predicate of his claims no later than June 8, 2007, the date Petitioner was returned to TDCJ custody after his parole was revoked. Petitioner submitted a time credit dispute on June 23, 2007, which was denied on April 1, 2008. A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute. Ex parte Shepherd, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). The provisions of 28 U.S.C. § 2244(d)(2) provide that the time a state post-conviction or other collateral review is pending shall toll the deadline. Judges in the Northern District of Texas, the Eastern District of Texas, and the Western District of Texas have concluded that the limitations period is tolled during the pendency of the time credit dispute. Hunter v. Quarterman, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006); Hood v. Director, TDCJ-CID, No. 9:06-CV-165, 2006 WL 3246355 at *3 (E.D. Tex. Nov. 6, 2006); Cain v. Quarterman, No. 1:07-CV-754-SS (W.D. Tex. July 28, 2008). In light of the mandatory exhaustion requirements of 28 U.S.C. § 2254(b)(1), this Court is of the opinion the limitations period is tolled during the pendency of the time credit dispute. At the time Petitioner filed his time credit

dispute, only 15 days had run on the one-year limitations period. The time credit dispute was denied on April 1, 2008. Petitioner did not file his state application for habeas corpus relief until June 17, 2009, more than a year after the time credit dispute was denied. Petitioner's state application does not operate to toll the limitations period, because it was filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues his habeas application is considered filed as of the date he placed it in the mail. See Petitioner's Response at 5. Petitioner does not make clear whether he is asserting the mailbox rule should apply to his state application or his federal application. In either case, Petitioner's federal application would not be timely, as both his state application and his federal application were mailed after the limitations period had expired.

Petitioner also incorrectly argues an additional 90 days should be added to the limitations period, because he could have filed a petition for writ of certiorari with the Supreme Court after his state application for habeas corpus relief was denied. See Petitioner's Response at 5. Section 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petition the Supreme Court for certiorari. Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's application should be

dismissed as time-barred. Alternatively, Petitioner's application should be denied on the merits, as explained below.

**B.     AEDPA Standard**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C.

§ 2254(e)(1).  While we presume such determinations to be correct, the petitioner can rebut this

presumption by clear and convincing evidence.  See id.  Absent an unreasonable determination in

light of the record, we will give deference to the state court's fact findings.  See id. § 2254(d)(2).

With these principles in mind, this Court must now turn to the issues raised by the pleadings in this

cause.

    1.    Street Time Credits

Petitioner argues he is entitled to credit for the time he spent on parole,  also known as "street

time."[1]  Despite Petitioner's argument, the law in this Circuit firmly establishes that time spent on

parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory

supervision violator returned to prison.  The courts have consistently held that by violating parole

or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to

release and all credit for time on parole or mandatory supervision.  See Cortinas v. United States

Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d

517, 521 (5th Cir.), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United States v. Newton, 698

F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987,

93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970).  Thus, Petitioner has no federal

constitutional right to reduction of his sentence for time spent on parole or mandatory supervision.

Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but

---

[1] Petitioner also alleges he was denied flat time credits, but he fails to explain what flat time credit was denied. "Mere conclusory statements do not raise a constitutional issue in a habeas case." Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982).

rather part of, the original sentence.  See  Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969).  Petitioner is not being forced to serve more than his 25-year sentence.  Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on parole.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision.  The Texas parole statute in effect at the time the controlling offense was committed, February 24, 1988, provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 15(a) (West 1987) (currently TEX. GOV'T CODE ANN. § 508.156(e) (West 2010).  Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.  In addition, Petitioner does not deny he received notice prior to his release on parole that he would not receive credit for the time spent on parole if his parole was revoked.

Moreover, the Texas statute addressing street time credit in effect at the time of Petitioner's revocation in 2007, read in pertinent part:

> (b)  If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE § 508.283(West 2006). Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code.

The Texas Court of Criminal Appeals recently held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. Ex parte Hernandez, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); see also Ex parte Johnson, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Prior to his revocation, Petitioner had been convicted of aggravated assault with a deadly weapon, one of the offenses listed in section 508.149(a) of the Texas Government Code. See TEX. GOV'T CODE § 508.149(a)(1).[2] Because at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he was not entitled to street time credit on his sentence for time spent on parole prior to revocation pursuant to § 508.283(c). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

---

[2]Although not mentioned by the respondent, Petitioner had also been previously convicted of murder with malice.

2.    Ex Post Facto Violation

Petitioner claims he is being denied mandatory supervision in violation of the Ex Post Facto Clause. Petitioner was not eligible for mandatory supervision on his aggravated assault conviction, because there was a deadly weapon finding. See TEX. GOV'T CODE § 508.149(a)(1). However, Petitioner discharged that sentence on February 26, 2009. Now that the sentence for aggravated assault conviction has been discharged, Petitioner remains eligible for mandatory supervision on his DWI conviction. Petitioner currently has a projected release date of May 22, 2015, and a maximum sentence date of August 21, 2028. See Respondent's Exhibit A. As there has been no retroactive application of the mandatory supervision laws applied to Petitioner, his claim is without merit.[3]

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred. Alternatively, it is recommended that Petitioner's application for writ of habeas corpus be denied.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

---

[3] Respondent incorrectly argues Petitioner is not eligible for mandatory supervision.

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of January, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE